DONTE LEE THOMAS,       :

      Plaintiff,       :

      :

      v.       :       CIVIL ACTION NO.: CV510-014

      :

STATE OF GEORGIA PROBATION       :
AND PAROLE SERVICES; ROCHELLE       :
HOWIE, Probation Officer; COFFEE       :
COUNTY STATE PROBATION;       :
EUGENE PAULK, South Central       :
Task Force officer; ANTONIO       :
WARD, Task Force Officer; JOHN       :
DOE, Task Force Officer; and       :
GEORGIA BUREAU OF       :
INVESTIGATION,       :

      :

      Defendants.       :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Irwin County Detention Center in Ocilla, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that _pro se_ pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that approximately 12 officers kicked open the doors to his house in Willacoochee, Georgia, while he and his family were sleeping. Plaintiff also asserts that he was not allowed to see some paper which may have been a search warrant and was placed in handcuffs. Plaintiff alleges that he was placed in the back of a patrol car without being informed of why he was being arrested or of his rights. Plaintiff contends that he learned after he was placed in the Atkinson County Detention Center that his personal property, including $2,500.00 in cash, had been confiscated. Plaintiff seeks

$2,500,00.00 in punitive damages and "any other relief to be determined by a jury trial as demanded." (Doc. No. 1, p. 4).

In general, the distinction between claims which may be brought under § 1983 and those which must be brought as habeas petitions is now reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being exposed to an excessive amount of force, are § 1983 actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In other words,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

AO 72A
(Rev. 8/82)

Heck, 512 U.S. at 486-87 (emphasis in original). While there is no evidence Plaintiff has been convicted in the state court, Plaintiff has available to him the option of filing motions in the appropriate state court to contest the legality of Defendants' actions.

Further, section 1983 does not provide relief for the recovery of the property and money Plaintiff contends was taken from his home, in violation of due process. The intentional deprivation of property gives rise to a due process clause violation when the government fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). As the alleged deprivation of Plaintiff's property occurred in Georgia, Georgia law provides the appropriate remedy.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claim be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this _20th_ day of April, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)